GOLDSTEIN v. BLOOM et al.

(Supreme Court, Appellate Term. May 9, 1912.)

1. LANDLORD AND TENANT (§ 157*)—CONTRACT FOR IMPROVEMENTS—CONSIDERATION—NECESSITY.

A landlord suggested to a tenant under an unexpired lease that he partition off and sublet part of the leased premises, and added that, if the tenant did this, he would allow him two months' rent. Held, there being no proof that the partition was of any benefit to the landlord, that this promise was unenforceable for want of consideration.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 571–607; Dec. Dig. § 157.*]

2. LANDLORD AND TENANT (§ 308*)—SUMMARY PROCEEDINGS—EVIDENCE—ADMISSIBILITY.

In summary proceedings for the nonpayment of rent, evidence of an action instituted to recover the same rent is incompetent.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1314–1316; Dec. Dig. § 308.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Summary proceedings by Joseph A. Goldstein against William Bloom and others. From a judgment in favor of defendants, and from an order denying a motion for a new trial, and to vacate and set aside the judgment and verdict as being contrary to the evidence, plaintiff appeals. Reversed, and new trial ordered.

Argued April term, 1912, before SEABURY, GUY, and GERARD, JJ.

Mandelbaum Bros., of New York City, for appellant.
Bogart & Bogart, of New York City, for respondents.

PER CURIAM. The defendants were lessees of the eighth floor in a building known as 33–35 West Seventeenth street, in this city, for a term of two years from February 1, 1910, to January 31, 1912. On January 1, 1912, under the terms of the lease, there was due the landlord herein the sum of $533.33 for two months' rent, for the nonpayment of which these proceedings were instituted. The case was tried before a jury, which rendered a verdict for the defendants. The answer of the tenants sets up as a defense that, for a consideration, an agreement was entered into between the landlord and one of these defendants, who had succeeded to the interest in business of his cotenant, by which the landlord released the rent for the last two months

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the term. There was no conflict upon any other question of fact in the case, and the sole issue was as to the making and validity of this agreement.

[1] It appears that in March, 1911, there was a fire in the premises, which rendered them untenantable, and that, in accordance with a clause in the lease, the tenants were allowed a portion of the rent for the time they were deprived of the use of the premises. They thereafter continued to pay the amount of rent fixed by the lease until December 1, 1911. The claim of the tenants is based upon a conversation alleged to have been had, shortly after the fire, between the tenant Sturman and the plaintiff. The substance of this conversation, according to the version of it given by Sturman, which the jury has found to be true, is that he expressed himself as being unable to go on with his business. He told the landlord that his rent was too high, that he had been losing money, and apparently asked for a reduction of the rent. This was refused. The landlord suggested, however, that the tenant partition off the loft leased by him and sublet that portion, and finally said:

"You partition it off, and I will allow you a month's rent."

After some further conversation, Sturman swears the landlord said:

"Stick out the lease, and I will give you December and January. I will give you those two months."

Sturman further testifies that the landlord refused to enter into any written agreement to that effect, stating that he was an honorable man and would abide by his oral agreement.

It will be seen from the foregoing that there was no consideration moving to the landlord for this agreement. The defendants had already been allowed for the time the building was unfit for occupancy. The erection of the partition, which was subsequently done by the tenant at considerable expense, was evidently for the benefit of the tenant, to enable him to sublet a portion of the loft, and was not shown to be of any benefit to the landlord, and the promise to allow the last two months' rent is wholly without consideration, and cannot be enforced.

[2] It was also error to admit, over objection, testimony showing that the landlord had previously instituted an action in the City Court to recover the rent for the months of December and January. This testimony did not tend to refute any part of the landlord's claim, and was inadmissible for any purpose.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.